IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-58-KAC-DCP |
| | ) | |
| COURTNEY GARVIN PARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties came before the undersigned for a video motion hearing and status conference on July 15, 2021. Assistant United States Attorney LaToyia T. Carpenter appeared by video on behalf of the Government. Attorney Michael B. Menefee, appearing by video, represented Defendant Courtney Partin, who was also present by video. The Court substituted Mr. Menefee as Defendant's counsel of record on July 7, 2021 [Doc. 20]. Following his appointment, Mr. Menefee filed a Motion to Continue [Doc. 21] the July 20, 2021 trial date and a Motion for a Detention Hearing [Doc. 22] on behalf of Defendant Partin.

At the July 15 hearing, the Court first addressed the Motion to Conduct Psychiatric or Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 15], which was filed by prior defense counsel. Mr. Menefee said he had met with Defendant Partin twice by telephone for about one and one-half hours. He stated that he and Defendant Partin had no trouble communicating and were able to work together. However, Mr. Menefee said he was not ready to withdraw the motion for a mental evaluation. He asked that the Court set a new deadline for

pretrial motions and that he be allowed to determine whether to pursue the motion for a mental evaluation by that deadline. The Government did not object to that proposed procedure.

The Court next turned to the request to continue the July 20, 2021 trial date and extend the other deadlines in this case. Mr. Menefee stated that he needed additional time to prepare for trial and could not be ready by the current trial date which is less than a week away. He said he had received the discovery from prior counsel, had reviewed it, and had met with Defendant Partin. Mr. Menefee said he had begun his investigation and had interviewed Defendant Partin's mother. He had also identified additional information that he needed, such as police reports and transcripts of state hearings. Mr. Menefee said he has requested and/or ordered those materials but needs additional time to receive records and investigate further. After a brief recess in which Mr. Menefee discussed a possible February 2022 trial date with Defendant Partin, Mr. Menefee reported that Defendant Partin did not agree to an extended continuance. Mr. Menefee reported that Defendant wanted to have his trial next week; however, Mr. Menefee explained to Defendant that he could not be ready to defend Defendant Partin properly by then and that he does not have all the evidence yet.

The Court agreed that the July 20, 2021 trial date must be continued, because Mr. Menefee was appointed one week ago and less than two weeks before trial. The Court finds that Mr. Menefee needs time to investigate the case and to consider filing pretrial motions, to include whether to pursue the motion for mental evaluation. If dispositive pretrial motions are filed or if a mental evaluation is necessary, a longer continuance is required. Accordingly, the Court will continue the trial but wait to set a new trial date, until after the new motion filing deadline of August 27, 2021. The Court finds the type of pretrial motions filed will influence the length of time needed to litigate motions before the new trial date. The parties will appear before the

undersigned for a motion hearing on September 21, 2021, at which time the Court will set the new trial date in this case. Both parties agreed to this process. The Court also set a detention hearing for August 3, 2021.[1]

The Court finds Defendant Partin's motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon Mr. Menefee's statements in the motion and at the July 15 hearing, defense counsel needs additional time to receive reports and transcripts, to investigate factual and legal matters, to consider and file pretrial motions, and to confer with the Defendant Partin. The Court finds that these pretrial preparations cannot be concluded by the July 20 trial date. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 21**] is **GRANTED**. The July 20, 2021 trial date is **REMOVED and will be RESET** after the expiration of the pretrial motion deadline on August 27, 2021, and at or before the motion hearing on September 21, 2021, at 1:30 p.m. The Court finds that all the time between the filing of the motion for mental evaluation on June 11, 2021, and the new trial date is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets other deadlines, as stated below.

---

[1] The August 3 detention hearing was originally scheduled for 10:00 a.m., but the time was changed to 1:30 p.m. This hearing will be conducted by video conference.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Partin's Motion to Continue [**Doc. 21**] is **GRANTED**;

(2) The **July 20, 2021** trial of this matter is **REMOVED and will be RESET** at or before the motion hearing on **September 21, 2021, at 1:30 p.m.**;

(3) All time between the filing of the motion for a mental evaluation on **June 11, 2021**, and the new trial date is fully excludable time under the Speedy Trial Act for the reasons set forth herein;[2]

(4) The parties are to appear by video before the undersigned for a detention hearing on **August 3, 2021, at 1:30 p.m.**;

(5) The deadline for filing pretrial motions is extended to **August 27, 2021**. This date is also defense counsel's deadline for determining whether to pursue or withdraw the motion for a mental evaluation [**Doc. 15**]. Responses to motions are due on or before **September 9, 2021**;

(6) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **September 21, 2021, at 1:30 p.m.**; and

(7) The Court will set a new trial date, a new plea deadline, a new deadline for providing reciprocal discovery, a deadline for motions in limine, and a deadline for special requests for jury instructions at or before the September 21, 2021 hearing.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

---

[2] A date certain for the end of the excludable time will be stated in the Order setting the new trial date.