IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:21-CR-58-KAC-DCP |
| COURTNEY GARVIN PARTIN, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Withdraw as Attorney for Defendant [Doc. 65], which was filed by Attorney Michael B. Menefee on February 7, 2022, and referred [Doc. 66] to the undersigned on the following day. *See* 28 U.S.C. § 636(b). On July 7, 2021, the undersigned substituted and appointed Attorney Michael B. Menefee as counsel of record for Defendant Courtney Partin. Mr. Menefee asks the Court to relieve him and appoint new counsel for Defendant, stating that the trust in the attorney-client relationship has declined to the point that he can no longer represent Defendant effectively. Mr. Menefee states that he has made every effort to repair the relationship to no avail. The parties appeared by video on February 16, 2022, for a hearing on this motion. Assistant United States Attorney LaToyia T. Carpenter appeared by video on behalf of the Government. Mr. Menefee appeared by video representing Defendant Partin, who also appeared by video. Panel Attorney Randall E. Reagan also appeared by video at the Court's request.

Mr. Menefee stated that while he filed the motion to withdraw at Defendant's request, he believes the Rules of Professional Conduct compel him to file the motion on his own. He stated that the attorney-client relationship has cycled through high and low points but that over the last few weeks, the relationship has been in a downward cycle. Mr. Menefee stated that both he and

Defendant believe having a fresh opinion on the case by a new attorney would be in the Defendant's best interest. AUSA Carpenter stated the Government took no position on the motion.

The Court conducted a sealed, *ex parte* session with Defendant and Mr. Menefee[1] to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds a breakdown in communication and trust has occurred between Defendant Partin and Mr. Menefee. This loss of trust in the attorney-client relationship and the breakdown in communication has compromised Mr. Menefee's ability to present an adequate defense and to render effective assistance of counsel. The Court finds it appropriate to have new counsel take a fresh look at this case and advise Defendant on how to proceed. Accordingly, the Court finds that good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon good cause shown, counsel's motion to withdraw [**Doc. 65**] is **GRANTED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Mr. Menefee is relieved as counsel of record for Defendant Partin. Mr. Menefee is **DIRECTED** to provide the discovery and information from Defendant's file to new counsel. The Court recognizes the need for Defendant to be represented continuously by counsel. Mr. Reagan was present by video at the hearing and agreed to accept representation. The Court **SUBSTITUTES** and **APPOINTS** Mr. Reagan under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Partin. Defendant Partin is encouraged to make every effort to work with Mr. Reagan throughout the remainder of his case. Defendant Partin is also reminded that under the local rules of this Court, he may not file *pro se* motions, while represented by counsel. E.D. Tenn. L.R. 83.4(c).

---

[1] Defendant had no objection to Mr. Reagan attending the sealed, *ex parte* portion of the hearing.

2

Case 3:21-cr-00058-KAC-DCP   Document 70   Filed 02/17/22   Page 2 of 3   PageID #: 340

Accordingly, it is **ORDERED**:

(1) The Motion to Withdraw as Attorney for Defendant [**Doc. 65**] is **GRANTED**;

(2) Attorney Michael B. Menefee is **RELIEVED** of his representation of Defendant Partin and is **DIRECTED** to provide new counsel with the discovery and information from the Defendant's file;

(3) Attorney Randall E., Reagan is **SUBSTITUTED** and **APPOINTED** as Defendant Partin's counsel of record under the CJA; and

(4) Counsel for both parties are directed to contact District Judge Crytzer's Chambers for information on changes to the schedule and trial date.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge