IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-58-KAC-DCP |
| | ) | |
| COURTNEY GARVIN PARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Be Relieved of Representation [Doc. 73], which was filed by court-appointed Attorney Randall E. Reagan on March 3, 2022, and referred [Doc. 74] to the undersigned on the following day. *See* 28 U.S.C. § 636(b). The Court also has under consideration two *pro se* motions by Defendant Courtney Partin, a Motion to Amend [Doc. 75] the Motion to Dismiss filed by prior counsel and a Motion [Doc. 76] for transcript, both of which were also referred [Doc. 77] to the undersigned. *See* 28 U.S.C. § 636(b).

On February 16, 2022, the Court substituted and appointed Mr. Reagan to represent Defendant Partin, after finding an irreparable breakdown in communication and trust between Defendant Partin and prior counsel Attorney Michael B. Menefee [Doc. 70].[1] Two weeks later, Mr. Reagan filed the instant motion to withdraw, stating that Defendant directed him to withdraw and that the attorney-client relationship is impaired such that Mr. Reagan cannot provide effective representation.

---

[1] Mr. Menefee was Defendant's second attorney and was substituted as counsel on July 7, 2021 [Doc. 20], approximately six weeks after Defendant's initial appearance and the appointment of Assistant Federal Defender Stephen Ferrell on May 17, 2021 [Doc. 9].

On March 16, 2022, the Court held a video motion hearing on Mr. Reagan's request to withdraw. Assistant United States Attorney LaToyia T. Carpenter, Mr. Reagan, and Defendant Partin all participated by video conference. Mr. Reagan stated that Defendant directed him to move to withdraw and that in counsel's opinion, the attorney-client relationship is irreparably broken. AUSA Carpenter expressed concern about the substitution of counsel, noting that Mr. Reagan is Defendant's third attorney and has only represented Defendant for a short time. She argued that Defendant may not "shop around" for an attorney he likes. After conducting a sealed, *ex parte* session with Defendant Partin and Mr. Reagan, the Court determined that the attorney-client relationship might benefit from additional communication. The Court continued the hearing for one week.

The parties appeared again by video on March 23, 2022. AUSA Carpenter represented the Government and Mr. Reagan again appeared with Defendant Partin, who was also present by video. Panel Attorney Mike Whalen appeared by video at the Court's request. Mr. Reagan informed the Court that both he and Mr. Whalen met with Defendant before the hearing. Mr. Reagan stated that Defendant wanted the Court to substitute Mr. Whalen as counsel.

The Court conducted a sealed, *ex parte* session with Defendant and Mr. Reagan to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds a breakdown in communication and trust has occurred between Defendant Partin and Mr. Reagan. This loss of trust in the attorney-client relationship and the breakdown in communication has compromised Mr. Reagan's ability to present an adequate defense and to render effective assistance of counsel. The Court finds the problems with the attorney-client relationship are not the fault of Mr. Reagan. However, given the

2

complete breakdown in the attorney-client relationship, the Court reluctantly finds good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon good cause shown, counsel's motion to withdraw [**Doc. 73**] is **GRANTED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Mr. Reagan is relieved as counsel of record for Defendant Partin. Mr. Reagan is **DIRECTED** to provide the discovery and information from Defendant's file to new counsel. The Court recognizes the need for Defendant to be represented continuously by counsel. Mr. Whalen was present by video at the hearing and agreed to accept representation. The Court **SUBSTITUTES** and **APPOINTS** Mr. Whalen under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Partin. The Court admonished Defendant Partin that it would not substitute counsel a fifth time absent an actual conflict of interest.

The Court observed that Defendant has filed two *pro se* motions, asking to amend a motion filed by prior counsel [Doc. 75] and requesting a transcript of the September 21, 2021 evidentiary hearing [Doc. 76]. Defendant Partin was represented by Mr. Reagan at the time he filed these motions and is now represented by Mr. Whalen. *See* E.D. Tenn. L.R. 83.4(c) (prohibiting a party from filing motions in his own behalf while represented by counsel). These motions [**Docs. 75 & 76**] are not properly before the Court and must be **DENIED**. The Court asked Mr. Whalen to review the *pro se* motions, confer with Defendant Partin, and take appropriate action to address the issues raised therein. Mr. Whalen may file a motion to amend the Motion to Dismiss [Doc. 60] on or before **April 6, 2022**, if he deems a motion to amend to be appropriate and necessary.[2]

Accordingly, it is **ORDERED**:

(1) The Motion to Be Relieved of Representation [**Doc. 73**] is **GRANTED**;

---

[2] The Court notes that the deadline for filing motions *in limine* is April 29, 2022 [Doc. 72, p.3].

(2) Attorney Randall E. Reagan is **RELIEVED** of his representation of Defendant Partin and is **DIRECTED** to provide new counsel with the discovery and information from the Defendant's file;

(3) Attorney Mike Whalen is **SUBSTITUTED** and **APPOINTED** as Defendant Partin's counsel of record under the CJA;

(4) Defendant's *pro se* Motion to Amend [**Doc. 75**] and Motion [**Doc. 76**] for transcript are **DENIED**, because they are filed in violation of Local Rule 83.4(c). Mr. Whalen is **DIRECTED** to review these motions, to confer with Defendant, and to bring the issues before the Court, if appropriate. Any motion to amend the Motion to Dismiss [Doc. 60] shall be filed on or before **April 9, 2022**; and

(5) All other dates and deadlines previously set in the Order Continuing Trial and Certain Pretrial Deadlines [Doc. 72] shall remain the same at this time.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge