IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-58-KAC-DCP |
| | ) | |
| COURTNEY GARVIN PARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Courtney Partin's pro se Motion to Amend [Doc. 84], filed on April 27, 2022, and referred [Doc. 85] to the undersigned on April 28, 2022. *See* 28 U.S.C. § 636(b). In this filing, Defendant asks to amend the Motion to Dismiss [Doc. 60], filed by prior counsel. In what he characterizes as his second amendment,[1] Defendant argues that he was illegally arrested by Campbell County officers on November 10, 2020, and the use of evidence seized during his illegal arrest violates his right to due process under the Fifth and Fourteenth amendments. Defendant also argues that the "silver platter doctrine" has been abolished and, thus, evidence gained in his illegal arrest by state officers cannot be used in his federal prosecution.

---

[1] Defendant's purported first amendment to the Motion to Dismiss was a pro se Motion to Amend [Doc. 75], filed on March 8, 2022. In this motion, Defendant sought to change the date that the Government disclosed the late discovery from "June 25, 2022" to "January 25, 2022" in paragraphs two and three of the Motion to Dismiss. The Court denied this pro se motion as filed in violation of Local Rule 83.4 [Doc. 83]. However, the Court observes that it can take judicial notice of the fact that the June 25, 2022 date was not the date of the disclosure, because that date has yet to occur. Additionally, attached to the Motion to Dismiss is a letter from the Government, dated January 25, 2022, stating the Government is providing supplemental discovery, which is available for defense counsel to download [Doc. 60-1]. The Court has scheduled a hearing on the Motion to Dismiss and the date of the Government's disclosure will be determined at that time.

On March 23, 2022, the Court substituted Attorney Mike Whalen as counsel of record for Defendant Partin at the Defendant's request [Doc. 83]. At the time of the substitution, the Court denied Defendant's two pending pro se motions, one of which was a Motion to Amend the date in the Motion to Dismiss. The Court "asked Mr. Whalen to review the pro se motions, confer with Defendant Partin, and take appropriate action to address the issues raised therein" [Doc. 83, p.3]. The Court set a deadline of April 9, 2022,[2] for counsel to file a motion to amend the Motion to Dismiss. No motion was filed by counsel.

As has been explained to Defendant Partin on numerous occasions, Local Rule 83.4(c) prohibits a party from filing motions in his own behalf while represented by counsel. Defendant takes exception to this rule [*see* Doc. 75, p.2]. However, "'[i]t is well settled that there is no constitutional right to hybrid representation.'" *United States v. Steele*, 919 F.3d 965, 975 (6th Cir. 2019) (quoting *United States v. Cromer*, 389 F.3d 662, 681 n.1 (6th Cir. 2004)). A defendant must choose between self-representation and representation by counsel. *Id.* The current pro se Motion to Amend [Doc. 84] is not properly before the Court and must be **DENIED**.

In so ruling, the Court finds that Defendant has been and will be given an opportunity to challenge the Government's disclosure of additional discovery through litigation of the Motion to Dismiss [Doc. 60]. The Motion to Dismiss raises a due process violation under the Fourteenth Amendment, along with violations of court rules, case law, and the Court's Orders. It also argues that the late disclosure prevented Defendant's use of the evidence at the September 21, 2021 suppression hearing, at which he challenged the constitutionality of his arrest by Campbell County

---

[2] The Court set a deadline of April 6, 2022, at the hearing and in the body of its Memorandum and Order, but set the April 9, 2022 deadline in its summary on the final page of the Order. This discrepancy is without significance because counsel did not file a motion to amend.

officers. In both of his pro se Motions to Amend, Defendant requests a hearing on the Motion to Dismiss. The Court has set a hearing on the Motion to Dismiss for May 4, 2022, at 1:30 p.m. Defendant's rights and arguments are being asserted by counsel.

Accordingly, the Court **ORDERS** that Defendant's *pro se* Motion to Amend [**Doc. 84**] is **DENIED**, because it is filed in violation of Local Rule 83.4(c).

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge