UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-58-KAC-DCP |
| | ) | |
| COURTNEY GARVIN PARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

This case came before the Court on May 17, 2022, for a video motion hearing on Defendant Courtney Partin's pro se Motion [Doc. 90] for substitution of counsel and the Motion to Withdraw [Doc. 93], filed by appointed Attorney Mike Whalen, both of which have been referred [Docs. 91 & 95] to the undersigned. *See* 28 U.S.C. § 636(b). Assistant United States Attorney LaToyia T. Carpenter represented the Government. Attorney Whalen appeared with Defendant Partin, who participated by video from the jail.

The Court begins by noting that the question of Defendant Partin's competency was previously raised by his first attorney, Assistant Federal Defender Steven Ferrell, who moved for a mental evaluation of Defendant's competency and sanity at the time of the offense [Doc. 15]. Defendant countered with a pro se motion to substitute counsel [Doc. 16]. Due to a breakdown in communication and trust between Defendant and Mr. Ferrell, the Court substituted Attorney Michael Menefee as counsel of record and asked him to assess whether a competency evaluation

1

was appropriate [Doc. 20]. On September 20, 2021, Defendant, through counsel, moved to withdraw the motion for mental evaluation, stating that Defendant "seems to understand the nature and consequences of the proceedings against him and has been able to communicate with counsel enough to assist with his defense [Doc. 38]. The Court granted this motion [Doc. 42].

On August 3, 2021, the Court held a detention hearing for Defendant Partin. The Pretrial Services Report prepared for that hearing provides no history of mental health issues or treatment. However, the Court was presented with evidence in the Campbell County affidavit of complaint and the testimony of Agent Nina Osia that Defendant was engaged in behavior immediately preceding his arrest which suggests mental health issues. Agent Osia testified that when officers arrived on the scene, Defendant was in the woods screaming that he had murdered his family. In the affidavit of complaint, Affiant Deputy Joseph Weaver stated that upon his arrival on the scene, he heard Defendant, who was in the woods above the residence, "screaming that he was burning to death and when the sun came out he would turn to ashes." At the September 21, 2021 evidentiary hearing on Defendant's suppression motion, the Court heard similar testimony from Officer Jordan Tolliver, who stated that upon his arrival at Defendant's neighbor's home, Defendant was in the woods screaming that when the sun rose, he would burn to ashes [Doc. 43, p.4]. At the evidentiary hearing, the Government played the Defendant's neighbor's call to the 9-1-1 dispatcher, reporting a man in the woods yelling "Courtney killed everybody" and saying he was burning [Doc. 43, p.10].

On February 3, 2022, Defendant, through counsel, filed a Motion to Dismiss [Doc. 60], relating that the Government had recently disclosed Defendant's medical records from the Campbell County Sheriff's Office following his arrest that reveal "Defendant was experiencing psychosis and chest pain shortly before his interrogation and confirms that prior to his interrogation, the jail nursing staff administered shot(s) of Haldol and received approval to administer Ativan although it is unclear whether Ativan was ever actually administered" [Doc. 60, ¶4]. Four days after filing this motion, Mr. Menefee moved to withdraw at Defendant's direction [Doc. 65]. In the public portion of the hearing on this motion, Mr. Menefee related that the attorney-client relationship has cycled through high and low points but that over the last few weeks, the relationship has been in a downward cycle [Doc. 70, p.1]. The Court again substituted counsel for Defendant Partin, due to a breakdown in communication and trust between Defendant and Mr. Menefee [Doc. 70].

Defendant's representation by his third court-appointed attorney was very brief. Mr. Reagan moved to withdraw two weeks after his appointment, again at Defendant's direction [Doc. 73]. The Court required Defendant and Mr. Reagan to attempt to repair the relationship and set a status conference for one week later. The Court asked Mr. Whalen to appear at the March 23, 2022 status conference as potential standby or elbow counsel should Defendant be permitted or deemed to have opted to represent himself. During the status conference, the Court permitted Defendant to consult with Mr. Whalen, and following the consultation, Defendant asked the Court to substitute Mr. Whalen as counsel of record. The Court permitted this final substitution of counsel,

3

admonishing Defendant that it would not substitute counsel a fifth time absent an actual conflict of interest [Doc. 83].

The parties appeared before the undersigned on May 4, 2022, for a motion hearing on the Motion to Dismiss, and Mr. Whalen informed the Court that Defendant did not want him as his attorney. The Court asked Mr. Whalen to file an *ex parte* motion explaining the problems with the attorney-client relationship. Mr. Whalen filed a motion to withdraw [Doc. 93], along with an *ex parte* supporting memorandum [Doc. 94, SEALED]. The above background, including some information from the *ex parte* memorandum, raise questions about Defendant's competency.

At the May 17 hearing, the Court held two sealed, *ex parte* sessions to learn the nature and extent of the problems with the attorney-client relationship and to determine whether Defendant Partin could knowingly and voluntarily waive his right to counsel and represent himself. During the sealed portion of the hearing, Defendant made statements that give the Court reasonable cause to question Defendant's competency. The Court also observes that Defendant Partin has filed eleven pro se motions [Docs. 16, 31, 32, 48, 51, 54, 75, 76, 84, 90, & 96], despite the Court's repeated Orders and admonishments that he may not file motions on his own behalf, while represented by counsel. In his most recent pro se motion, filed on May 12, 2022, Defendant claims that current defense counsel "works for the government" [Doc. 96, p.1].

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v.*

4

*United States*, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). The Court must consider the Defendant's competency, upon a motion by either party or "on its own motion," if the Court finds "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a).

In the instant case, the Court finds reasonable cause for a competency hearing. At the May 17 hearing, AUSA Carpenter agreed that an evaluation of Defendant's competency is warranted. Based upon the concerns of prior defense counsel, Defendant's conduct and medical records around the time of his arrest, Defendant's statements in the sealed portion of the May 17 hearing, and the undersigned's own observations of Defendant Partin in this and prior hearings, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court finds reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(b).

Pursuant to Title 18, Sections 4241(b) and 4247(b)-(c), of the United States Code, it is hereby **ORDERED**, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more

licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.

(2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,

(3) Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.

(4) The Defendant shall be given any necessary medications, if determined appropriate by the medical staff at the facility.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

   (a) the Defendant's history and present symptoms;

   (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

   (c) the examiner's findings;

   (d) the examiner's opinions as to diagnosis and prognosis, and

   (e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to

understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6)  Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examination for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7)  The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time, whichever is sooner.

(8)  A competency hearing and/or status conference is set for **June 21, 2022, at 3:00 p.m.**  If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date.  If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9)  The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when the Defendant returns to this jurisdiction from the mental evaluation.  If the Defendant has returned in time, the marshals shall bring him to the **June 21, 2022** competency hearing.

(10)   Because of the length of time necessary to evaluate the Defendant, the June 1, 2022 trial date, is **REMOVED** from the Court's calendar and held in **ABEYANCE**, to be reset upon the Defendant's return to this district, if he is found to be competent.  All the time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

7

Case 3:21-cr-00058-KAC-DCP   Document 99   Filed 05/23/22   Page 7 of 8   PageID #: 444

(11)  The Court shall also hold the motions for substitution and withdrawal of counsel [Docs. 90 & 93] in abeyance.  Attorney Mike Whalen shall remain Defendant's counsel of record until the issue of Defendant's competency is resolved.  *United States v. Martin*, 608 F. App'x 340, 343 (6th Cir. 2015); *United States v. Ross*, 703 F.3d 856, 869, 871 (6th Cir. 2012) (recognizing the "common-sense viewpoint that a defendant cannot represent himself at his own competency hearing"); *see also* 18 U.S.C. § 4247(d) (requiring that "the person whose mental condition is the subject of the hearing shall be represented by counsel").

(12)  The Clerk of Court is **DIRECTED** to serve copies of this order on counsel for both parties and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

8