IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-58-KAC-DCP |
| COURTNEY GARVIN PARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Courtney Partin's *pro se* motions, asking to substitute or relieve defense counsel [Docs. 90 & 100], to amend the Motion to Dismiss [Doc. 96], to suppress evidence [Docs. 101 & 104], and for a change in venue [Doc. 103]. These motions have been referred [Docs. 91, 97 & 106] to the undersigned for recommendation or disposition. On March 23, 2022, the Court substituted Attorney Mike Whalen to represent Defendant at Defendant's request [Doc. 83]. Mr. Whalen is Defendant's fourth attorney, and at the time of his appointment, the Court told Defendant that it would not substitute counsel a fifth time absent an actual conflict of interest [Doc. 83, p.3]. The parties appeared before the undersigned on May 4, 2022, for a hearing on the Motion to Dismiss [Doc. 60], when Attorney Whalen advised the Court that Defendant did not want to proceed with him as counsel. The Court continued the hearing and asked Mr. Whalen to file an *ex parte* motion explaining the problems with the attorney-client relationship. Defendant's pro se motion requesting new counsel was docketed later that day [Doc. 90]. Mr. Whalen filed a Motion to Withdraw [Doc. 94] with a supporting *ex parte* memorandum [Doc. 94, SEALED].

On May 17, 2022, the parties reconvened for a hearing on the attorney-client relationship. The Court held two sealed, *ex parte* sessions with Defendant and Mr. Whalen to learn the nature and the extent of the problems with the attorney client relationship and to determine whether Defendant could

knowingly and voluntarily waive his right to counsel and represent himself. During the sealed portion of the hearing, Defendant made statements that, when considered with other aspects of the case [*see* Doc. 99], gave the Court reasonable cause to question Defendant's competency. The Court entered an Order of Commitment, committing Defendant Partin for a thirty-day mental evaluation at a Bureau of Prisons facility. The Court held the motions for substitution and withdrawal of counsel [Docs. 90 & 93] in abeyance during the mental evaluation and determined that Attorney Mike Whalen would remain Defendant's counsel of record until the issue of Defendant's competency is resolved [Doc. 99, p.8].

In his most recent filings [Docs. 103-104], Defendant Partin states that he lost some of his legal paperwork during his transport to the Federal Medical Center in Seattle, Washington, for his mental evaluation. In a letter sent with his filings, Defendant states that he needs his legal paperwork because he is representing himself and indicates that he will refuse his mental evaluation to get his paperwork returned [Doc. 105].

Defendant Partin does not represent himself yet. Although Defendant no longer wants to be represented by Mr. Whalen, Mr. Whalen must remain Defendant's attorney until the matter of Defendant's competency is resolved. The reason for this is to protect Defendant's rights because a person whose competency is in question cannot represent himself. *United States v. Martin*, 608 F. App'x 340, 343 (6th Cir. 2015); *United States v. Ross*, 703 F.3d 856, 869, 871 (6th Cir. 2012) (recognizing the "common-sense viewpoint that a defendant cannot represent himself at his own competency hearing"); *see also* 18 U.S.C. § 4247(d) (requiring that "the person whose mental condition is the subject of the hearing shall be represented by counsel").

Accordingly, the Court will hold all of Defendant's *pro se* filings in abeyance until the Court holds a competency hearing and finds Defendant to be competent to proceed. Defendant is strongly encouraged to cooperate with and participate in his mental evaluation, so that the Court may make this determination. The Court consulted with the United States Marshals Service about Defendant's lost

paperwork and is advised that the missing paperwork cannot be located or recovered. Defendant may contact Mr. Whalen to request information he seeks.

Accordingly, the Court **ORDERS** as follows:

(1) Attorney Mike Whalen will remain counsel of record for Defendant Partin until the Court holds a competency hearing and finds Defendant to be competent to proceed;

(2) The Court will hold Defendant's pro se motions, including his motions to substitute or remove Mr. Whalen, in abeyance until Defendant is found competent to proceed;

(3) Defendant Partin is strongly encouraged to participate in and cooperate with the mental evaluation to allow the Court to be able to make the competency determination. Defendant may contact Mr. Whalen for information about his case; and

(4) Mr. Whalen is **DIRECTED** to provide a copy of this Memorandum and Order to Defendant Partin.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin,
United States Magistrate Judge