IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CR-58-KAC-DCP |
| | ) | |
| COURTNEY GARVIN PARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Courtney Partin's *pro se* motion, asking to be returned to the district to litigate motions to suppress and dismiss and for trial [Doc. 108]. This motion is dated July 9, 2022; was docketed on July 14, 2022; and was referred [Doc. 109] to the undersigned on July 15, 2022. Defendant states that this case has already suffered numerous delays and that he neither wants, nor needs a mental evaluation. Defendant states that his mental evaluation would normally take four months but, due to delays relating to Covid-19, could take up to nine months.

The Court committed Defendant for a thirty-day mental evaluation of his competency to proceed to trial, following a hearing on May 17, 2022 [Doc. 99]. During the May 17 hearing, the Court found reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). The Court based this finding on testimony that Defendant Partin experienced a mental health crisis at the time of his arrest, representations by prior defense counsel that Defendant's medical records from the time of his arrest show he was experiencing psychosis and received psychotropic medication, Defendant's actions and statements relating to his representation, Defendant's statements in his numerous *pro se* motions including Defendant's statement that defense counsel "works for the

government" [Doc. 96, p.1], and *ex parte* statements by Defendant and defense counsel [Doc. 99]. As permitted by statute, the Court ordered that Defendant receive a psychological evaluation of his competency and that a report be submitted to the Court [Doc. 99]. *See* 18 U.S.C. § 4241(b). The purpose of this mental evaluation and the report thereof is to assist the Court in determining whether Defendant Partin is competent to proceed to trial and to protect his right to a fair trial. *See Studier v. McCauley*, No. 20-1417, 2020 WL 6483886, at *2 (6th Cir. Sept. 28, 2020) (observing "[t]he due-process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence that a defendant is incompetent") (internal quotation omitted).

Defendant's June 1, 2022 trial date was removed at the time the Court ordered the mental evaluation of Defendant's competency and will be reset when the Court finds that Defendant is competent to proceed to trial [Doc. 99]. All the time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act. The Court recently affirmed that Defendant Partin does not represent himself [Doc. 107]. Although Defendant no longer wants to be represented by current defense counsel, Attorney Mike Whalen must remain Defendant's attorney until the matter of Defendant's competency is resolved [Doc. 107]. The reason for this is to protect Defendant's rights because a person whose competency is in question cannot represent himself. *United States v. Martin*, 608 F. App'x 340, 343 (6th Cir. 2015); *United States v. Ross*, 703 F.3d 856, 869, 871 (6th Cir. 2012) (recognizing the "common-sense viewpoint that a defendant cannot represent himself at his own competency hearing"); *see also* 18 U.S.C. § 4247(d) (requiring that "the person whose mental condition is the subject of the hearing shall be represented by counsel"). The Court is holding all of Defendant's *pro se* motions, including his motions to remove Mr. Whalen, in abeyance until Defendant is found competent to proceed [Doc. 107].

The Court was informed that Defendant arrived at the Federal Detention Center in Seattle Washington (FDC SeaTac), on June 15, 2022, to begin his mental evaluation. Defendant's mental evaluation is currently ongoing, and Defendant Partin is encouraged to make every effort to participate in and cooperate with his mental evaluation to allow the Court to make the competency determination as soon as possible. In this regard, the Court has scheduled a competency hearing for **August 17, 2022, at 1:30 p.m.** If the Court has not yet received the report from Defendant's mental evaluation or if Defendant has not yet returned to the district, the August 17 competency hearing will be conducted as a status conference.

Accordingly, the Court **ORDERS** as follows:

(1) For the reasons stated herein, Defendant's *pro se* motion [**Doc. 108**] to forego a mental evaluation and to be immediately returned to the district is **DENIED**;

(2) Defendant Partin is strongly encouraged to participate in and cooperate with the mental evaluation to allow the Court to be able to make the competency determination as expeditiously as possible;

(3) The parties shall appear before the undersigned for a competency hearing on **August 17, 2022, at 1:30 p.m.** If Defendant has returned to the district, the United States Marshals shall bring him to the competency hearing. If the Court has not yet received the report from Defendant's mental evaluation or if Defendant has not yet returned to the district, the August 17 competency hearing will be conducted as a status conference; and

(4) Defense counsel is **DIRECTED** to provide a copy of this Memorandum and Order to Defendant Partin.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge