UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CR-58-KAC-DCP |
| | ) | |
| COURTNEY GARVIN PARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT**

This matter came before the Court on November 21, 2022, for a competency hearing for Defendant Courtney Partin, which was conducted by video conference. *See* 28 U.S.C. § 636(b). Assistant United States Attorney LaToyia T. Carpenter appeared by video on behalf of the Government. Attorney Mike Whalen appeared by video on behalf of Defendant Partin, who also appeared by video from the Laurel County Correctional Center. Panel Attorney Loretta G. Cravens was present at the Court's request.

By way of background, the Court observes that on May 17, 2022, the parties appeared for a motion hearing on Defendant's pro se motion [Doc. 90] for substitute counsel and Mr. Whalen's Motion to Withdraw [Doc. 93]. Based on information gained at this hearing and from other filings and hearings in this case,[1] the Court, of its own accord, found reasonable cause to question Defendant's competency and committed him for a mental evaluation of his competency to stand trial [Doc. 99]. The Defendant was transported to the Federal Detention Center at SeaTac, Washington ("FDC SeaTac"), where Dr. Cynthia A. Low, a forensic

---

[1] A full discussion of the reasons the Court found reasonable cause for a competency hearing are contained in the Court's Order of Commitment [Doc. 99].

psychologist, evaluated his competency to stand trial.[2]

Dr. Low provided the Court with a thirteen (13)-page forensic report [Doc. 115, SEALED], detailing the examination procedures and the evaluator's diagnosis and conclusions. Based upon clinical interviews, observations of Defendant at the facility, administration of a competency test, review of legal documents and medical records, and an interview of Defendant's mother, Dr. Low diagnosed the Defendant with a mental disorder that may impair his ability to understand the nature and consequences of the proceedings against him and substantially impairs his ability to assist counsel with his defense. At the November 21 competency hearing, the parties stipulated to Dr. Low's report and had no other evidence for the Court to consider in relation to Defendant's competency.[3]

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Section 4241 requires the Court to commit the defendant to the custody of the Attorney General if it finds by a preponderance of the evidence "that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Based upon

---

[2] The Court granted a fifteen-day extension of the evaluation period pursuant to 18 U.S.C. § 4247(b) [Doc. 112].

[3] After the Court announced its finding that Defendant Partin is not competent, Defendant exclaimed he was being denied due process because the evaluating psychologist had reviewed some of the documents in his case. Even if the Court were to consider Defendant's statements as evidence presented at the competency hearing, these statements do not alter the Court's finding that Defendant Partin is not presently competent to stand trial.

Dr. Low's report and pursuant to § 4142(d), the Court finds by a preponderance of the evidence that the Defendant has a mental disease that interferes with his ability to understand the nature and consequences of the proceedings against him. The Court further finds Defendant is presently unable to assist his attorney with the preparation of his defense. Thus, the Court finds that Defendant Partin is not presently competent to proceed to trial.

The Court **ORDERS** that Defendant Partin be committed to the custody of the Attorney General for treatment at a federal medical facility to be designated by the Bureau of Prisons. The Defendant is to remain at the facility designated by the Bureau of Prisons for a reasonable period, not to exceed four months, as is necessary for evaluation to determine whether there exists a substantial probability that the Defendant will attain the capacity to permit the trial to take place in the foreseeable future and for treatment and competency restoration. 18 U.S.C. § 4241(d)(1). Following this initial four-month assessment, the report of which shall be sent to the Court, the Defendant, if he has not attained the capacity for his trial to proceed, may be detained at the facility for an additional reasonable time until the earlier of the following:

> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law.

18 U.S.C. § 4241(d)(2). The Court orders that the facility *shall not* automatically transport the Defendant back to this district until such time that the evaluator determines that the Defendant's competency has been restored. If the facility requests and the Court grants that the Defendant remain at the facility for an additional reasonable time beyond the initial four-month assessment period, the facility is ordered to provide the Court with periodic reports regarding the Defendant's condition and progress beginning with a report two months after the four-month

3

assessment period.  *See* 18 U.S.C. § 4247(e)(1)(A).

The Court observes that Dr. Low's report states that Defendant was unwilling to take psychotropic medication while at FDC SeaTac.  The Court **DIRECTS** Defendant to submit to the ordered examination and treatment, to include taking any prescribed medication deemed necessary by the treating providers.

If at any time during the Defendant's commitment to the facility, the director of the facility determines that the Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the Clerk of this Court.  *See* 18 U.S.C. § 4241(e).  The Court will then hold a hearing pursuant to 18 U.S.C. § 4247(d) to determine the Defendant's competency to proceed.  18 U.S.C. § 4241(e).  Because of the Defendant's incompetency and the presence of so many unknown variables regarding his potential treatment, the Court scheduled a status conference in this case for **March 29, 2023, at 1:30 p.m.**  If the Court has a report and a certificate of competency from the treating facility and Defendant has been returned to the district by that date, the status conference will be a competency hearing.

Finally, at the November 22 hearing, the Court took up the pending pro se motions for substitution of counsel [Docs. 90 & 100] and defense counsel's motion to withdraw [Doc. 93].[4]  The Court previously declined to rule on these motions while Defendant was undergoing a competency evaluation, finding that Mr. Whalen must stay on as counsel "to protect Defendant's rights because a person whose competency is in question cannot represent himself" [Doc. 107 p. 2].  *See United States v. Martin*, 608 F. App'x 340, 343 (6th Cir. 2015); *United States v. Ross*, 703 F.3d 856, 869, 871 (6th Cir. 2012) (recognizing the "common-sense viewpoint that a defendant cannot represent himself at his own competency hearing"); *see also* 18 U.S.C. § 4247(d) (requiring that "the person whose mental condition is the subject of the

---

[4]  District Judge Crytzer referred these motions to the undersigned [Docs. 91, 95, & 106].

hearing shall be represented by counsel"). Also, at the time the Court committed Defendant for a competency evaluation, Mr. Whalen had represented Defendant for a little over seven weeks and could provide the evaluator information on Defendant's ability to assist with his defense. Now that the evaluation is complete, the Court finds that the substitution of new counsel is appropriate, due to the deterioration of the relationship between Defendant and Mr. Whalen.

At the May 17 motion hearing, the Court conducted two sealed, ex parte sessions with Defendant and Mr. Whalen. Without going into the confidential nature of those discussions, the Court finds a breakdown in communication and trust between Defendant Partin and Mr. Whalen that compromises Mr. Whalen's ability to represent Defendant. The Court finds the problems with the attorney-client relationship are not the fault of Mr. Whalen. However, given the complete breakdown in the attorney-client relationship, the Court finds good cause exists to substitute new counsel under the unique circumstances of this case. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Accordingly, the Motion to Withdraw [**Doc. 93**] is **GRANTED**, and Mr. Whalen is **RELIEVED** as counsel of record for Defendant Partin and is **DIRECTED** to provide the discovery and information from Defendant's file to new counsel.

As stated above, the Court also finds that Defendant must be represented by counsel. Defendant's pro se request for new counsel, in his pending motions [**Docs. 90 & 100**], is **GRANTED**.[5] Attorney Loretta Cravens was present by video and agreed to accept representation. The Court **SUBSTITUTES** and **APPOINTS** Ms. Cravens under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Partin. Ms. Cravens is directed to provide a copy of this Order and her contact information to Defendant, who

---

[5] The Court makes no findings with regard to the factual or legal assertions in Defendant's pro se motions and grants only his request for new counsel.

abruptly left the hearing before her substitution.[6] The Court finds that substitution of new counsel now will allow Ms. Cravens time to familiarize herself with the case and to represent Defendant on pending matters once he is competent to proceed.

In summary, the Court **ORDERS** as follows:

(1) The Court finds that Defendant Partin is not presently competent to stand trial;

(2) Defendant is **COMMITTED** to the custody of the Attorney General for evaluation and treatment at a federal medical facility for a reasonable period of time not to exceed **four months** as set forth more fully above;

(3) The Court recommends that the Bureau of Prisons promptly designate Defendant to FMC Butner or another appropriate facility geographically close to the Eastern District of Tennessee for treatment and that the Defendant be transported to this new facility for the ordered evaluation and treatment;

(4) The United States Marshal is hereby **DIRECTED** to transport Defendant Partin to the federal medical facility designated for his evaluation and treatment;

(5) The Court **DIRECTS** that the Defendant be given any necessary medications, if determined to be appropriate by the medical staff at the treating facility. The Defendant is likewise **DIRECTED** to submit to the ordered examination and treatment, to include taking any prescribed medication;

(6) Upon the issuance of a certificate by the director of the treating facility that Defendant's competency has been restored, the Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal for transport back to the district;

(7) If the evaluators determine that the Defendant needs an additional period of treatment after the initial four-month period, the Defendant **shall remain** at the facility while the Court considers any request for additional time so that his treatment will not be interrupted;

---

[6] Before leaving the hearing, Defendant announced that his family was retaining counsel to represent him. The Court will address the substitution of retained counsel, if retained counsel subsequently appears and moves for substitution in this case.

(8) The parties are to appear before the undersigned for a competency hearing and/or status conference on **March 29, 2023, at 1:30 p.m.**;

(9) The United States Marshal **SHALL NOTIFY** the Clerk of Court and the undersigned's office promptly when the Defendant returns to the district from the mental evaluation and treatment. If the Defendant has returned in time, the marshals shall bring him to the March 29, 2023 hearing;

(10) Defense counsel's Motion to Withdraw [**Doc. 93**] is **GRANTED**, and Mr. Whalen is **RELIEVED** as counsel of record for Defendant Partin and is **DIRECTED** to provide the discovery and information from Defendant's file to new counsel;

(11) Defendant's request for new counsel, in his pro se motions [**Docs. 90 & 100**], is **GRANTED**, and Attorney Loretta Cravens is **SUBSTITUTED** and **APPOINTED** as Defendant Partin's counsel of record under the CJA. Ms. Cravens is directed to provide a copy of this Order and her contact information to Defendant Partin;

(12) The Court will continue to hold the remaining pending motions and the trial date in this case in abeyance until such time as Defendant is found competent to stand trial; and

(13) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge