IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-58-TAV-CRW |
| COURTNEY GARVIN PARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. Defendant has recently been returned to this District after being evaluated for competency without medication through the Bureau of Prisons. While Defendant was undergoing the evaluation and treatment process, the Court canceled all deadlines and the trial date in this matter in accordance with the applicable provisions of the Speedy Trial Act and finds that to be excludable time.[1] *See* 18 U.S.C. § 3161(h)(1)(A), (h)(3)(B) (stating any delay "resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" and "any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" shall be excluded in computing time under the Speedy Trial Act). After Defendant was found competent on September 24, 2024, the Court immediately held a scheduling conference to reset the trial date and deadlines in this matter.

---

[1] The Court acknowledges that Defendant has filed a motion seeking dismissal of this action in which he alleges an unconstitutional delay in this matter. [Doc. 134]. This finding is not intended as a ruling on that motion, which will be addressed separately.

Because Defendant presently has motions pending and has requested additional time to file revised versions of those motions and to make additional motions, all time while those motions are pending is excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D). Still, the Court found it appropriate to set a trial date at this time which is designed to be within the confines of the Act given the time that it is expected to take to resolve Defendant's pending motions and those to be filed. Should the motions be disposed of more quickly than anticipated, the Court intends to move the trial date up such that it will take place within the confines of the Speedy Trial Act. The Court specifically finds that the ends of justice served by the present setting outweigh the interests of Defendant and the public in a speedy trial, given that the Court is providing additional pretrial time at Defendant's request to allow him to file all motions he desires to make. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv).

Accordingly, it is **ORDERED** as follows:

(1) the trial of this matter will commence on **February 4, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(2) all time between the time Defendant was ordered to undergo a second competency evaluation and the new trial date of **February 4, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein, so long as Defendant's motions remain under consideration before the Court, and should those motions be resolved at an earlier date, the trial will be moved up so as to be held within the confines of the Act;

(3) Defendant shall file all pretrial motions on or before **October 8, 2024**;

(4) The United States shall have until **October 22, 2024**, to respond to Defendant's motions;

(5) The parties shall appear before the undersigned for hearing on all pending pretrial motions on **November 4, 2024 at 9:30 a.m.**;

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 3, 2025**;

(7) the deadline for filing motions *in limine* is **January 16, 2025**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **January 21, 2025, at 1:00 p.m.**; and

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 3, 2025**.

**SO ORDERED:**

/s/Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

3

Case 3:21-cr-00058-TAV-CRW   Document 186   Filed 09/30/24   Page 3 of 3   PageID #: 786