UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-CR-58-TAV-CRW ) |
| COURTNEY GARVIN PARTIN, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's objection [Doc. 259] to the order entered by United States Magistrate Judge Cynthia R. Wyrick [Doc. 253], which denied defendant's motion for a *Franks* Hearing [Doc. 245].

In his pro se "Motion for a Franks Hearing," defendant stated in full:

Defendant Courtney Garvin Partin, pro se, asks and requests a Franks Hearing under the 4th Amendment Franks v. Delaware and the Fourteenth Amendment.

To attack the veracity of the warrant's affidavit, I ask for a hearing. Defendant Courtney Garvin Partin pro se was illegally arrested and the affidavit's content is insufficient to establish probable cause, what evidence was sought, AT [sic] the place toe be searched for it.

[Doc. 245, p. 2].

In denying this motion, Judge Wyrick explained that "[t]o qualify for a *Franks* hearing, a defendant must '1) make [ ] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) prove[ ] that the false statement or material omission is necessary to the probable cause finding in the affidavit'" [Doc. 253,

p. 1 (quoting *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019))]. Judge Wyrick concluded that, while defendant referenced the "veracity" of the warrant, he did not contend that any portion of the affidavit was untrue or allege that pertinent information was omitted [*Id.* at 2]. Thus, Judge Wyrick found that defendant had not provided any argument demonstrating that he met the required elements for a *Franks* hearing [*Id.*].

In his objection to Judge Wyrick's order, defendant states as follows:

> The warrant affidavit used evidence from an illegal arrest of public intoxication, not only that, no oath of things to be seized or place to be searched for the things witnessed by who, <u>who witnessed a crime to look for evidence of what illegal act reported</u>. A claim of wrongdoing is not what the 4th Amendment provides as a legal search or legal search warrant, <u>when no one witnessed a crime but lied and said there was evidence to believe, to gain the warrant</u>.
>
> Defendant objects being denied Franks Hearing <u>under the 4th and 14th Amendments</u>.

[Doc. 259, pp. 1–2 (emphasis in original)].

For this Court to overturn a magistrate judge's decision on a non-dispositive pretrial matter like this one, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal citations omitted). A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal citations omitted).

Applying this standard of review, the Court upholds the magistrate judge's order. Defendant does not specifically acknowledge Judge Wyrick's holding in his objection, much less point to any portion of that holding that was clearly erroneous or contrary to law [*See* Doc. 259]. Instead, it appears that defendant's objection is an attempt to correct the deficiencies in his initial motion that Judge Wyrick noted in her order. Specifically, defendant appears to, at least cursorily, address the first element he must show for a *Franks* hearing, regarding a false statement or material omission in the affidavit, by now stating that the affidavit omitted information about who witnessed the alleged crime or what evidence supported the allegedly illegal act and that an unspecified person "lied" and said that there was evidence to support the warrant [Doc. 259, p. 1]. But, even if the Court were to assume that this vague and conclusory statement were sufficient to meet the first element for a *Franks* hearing, defendant still has not even alleged the second element required for a *Franks* hearing, that the false statement or material omission was necessary to the probable cause finding, as Judge Wyrick explained in her order [*See* Doc. 253, p. 1]. Thus, even considering defendant's new allegations, he has not shown that Judge Wyrick's denial of his motion was clearly erroneous or contrary to law.

Accordingly, defendant's objection [Doc. 259] is **OVERRULED**. Judge Wyrick's well-reasoned decision [Doc. 253], which is hereby incorporated by reference, remains in effect as the ruling of this Court.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3