UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:21-CR-58-TAV-CRW |
| COURTNEY GARVIN PARTIN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's objections [Docs. 271, 272] to the orders entered by United States Magistrate Judge Cynthia R. Wyrick [Docs. 266, 267], which denied without prejudice defendant's motion to appoint an expert [Doc. 263] and denied defendant's motion in limine [Doc. 247], respectively.

For this Court to overturn a magistrate judge's decision on non-dispositive pretrial matters, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal citations omitted). A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal citations omitted).

**Motion for Expert Witness**

In his motion for an expert witness, defendant states that he is requesting funding for an expert witness because law enforcement and prosecutors acted improperly in the interrogation of defendant [Doc. 263]. Defendant states that "the interrogation transcript show[s] the delusions or hallucinations defendant was having at that time. "<u>The souls</u>" <u>sunlight</u>, <u>we'll free some souls, how about that</u>?" [*Id.* at 1 (emphasis in original).

Judge Wyrick issued an order denying this motion *without prejudice* [Doc. 266]. Judge Wyrick explained that, because requests for payment of defense services, such as expert witnesses, must be submitted through the eVoucher system, defendant should work with his elbow counsel to submit the proper eVoucher form, rather than filing a motion [*Id.* at 1]. Judge Wyrick also noted that requests for funding for defense experts must clearly describe the purpose of the expert's services, but defendant did not identify the type of expert witness he wished to retain nor how any expert could address defendant's allegations about the interrogation [*Id.* at 1–2]. Judge Wyrick stated that, if defendant wishes to obtain an expert witness, he should work with elbow counsel to provide the necessary information and file such through the court's eVoucher system [*Id.* at 2].

Defendant's objection to this order states, in full:

> Defendant has requested an expert witness clearly to describe what the state of mind a person is that: <u>well free some souls how about that</u>[.] Defendant cant [sic] believe he needs to ask for funding for an expert's service on this matter, <u>but</u>, <u>the court and government</u> <u>and</u> <u>now</u> a jury must be given an experts service. <u>I can explain more but a [sic] expert is needed</u>.

[Doc. 271 (emphasis in original)].

2

Notably, defendant does not specifically acknowledge Judge Wyrick's holding in his objection, much less point to any portion of that holding that was clearly erroneous or contrary to law [*See* Doc. 271]. As best the Court can tell, defendant appears to believe that Judge Wyrick denied him the ability to obtain the services of a defense expert. But that is not what Judge Wyrick's order stated. Rather, Judge Wyrick explained the proper procedure for requesting funding for a defense expert (filing a request through the Court's eVoucher system, with the help of elbow counsel), as well as the necessary information such request would need to include (details about why the expert was needed and what information the expert could add). Defendant does not address why he cannot follow this procedure to request funding for a defense expert. The Court finds that Judge Wyrick's order was not clearly erroneous or contrary to law. Defendant's objection [Doc. 271] is therefore **OVERRULED**, and Judge Wyrick's well-reasoned decision [Doc. 266], which is hereby incorporated by reference, remains in effect as the ruling of this Court.

**Motion in Limine**

In his motion in limine, defendant states that he requests the following:

1. be Able To Talk About his illegal Arrest
2. be Able To Talk About his Discovery violation
3. be Able To Talk About The illegal search WARRANT
4. be Able To Talk And show evidence of The MIRANDA Rights violation of The interrogation (Freeing The souls) The delusions or Hallucinations Defendant was having At That Time.
5. Also To be Able To show how denial of Rights of This evidence not being suppressed violated The Trial by jury Rights

[Doc. 247].

3

Case 3:21-cr-00058-TAV-CRW    Document 273    Filed 05/28/25    Page 3 of 5    PageID #: 1817

Judge Wyrick entered an order denying this motion [Doc. 267]. Judge Wyrick noted that the Court has previously addressed these issues and has denied defendant's previous motions, and defendant now seeks to relitigate those issues before the jury [*Id.* at 2]. Moreover, Judge Wyrick found that issues regarding suppression and discovery were issues of law for the Court to decide, and were not properly raised before the jury [*Id.* at 3]. Further, Judge Wyrick found that permitting defendant to relitigate these issues would violate the law of the case doctrine [*Id.*]. And, finally, Judge Wyrick noted that defendant has not set forth any good cause for reassessing these issues [*Id.*].

Defendant's objection to this order states as follows:

Defendant Courtney Garvin Partin ProSe States As Follows:
In Document 267 by Judge Wyrick has DENIED Defendants [sic] motion [Document 247]. Defendant is being held To A high standard of a lawyer in This case.

1.) Facts of The case, Defendant was illegally Arrested, public intoxication, evidence was not suppressed From The illegal Arrest.
2.) The Almost 4 year long discovery violation To counseal [sic] Document Fraud by John long was not Ruled on As To The discovery violation.
3.) The illegal search warrant of John long And evidence will be used Against Defendant And The Court did not Rule by what The law says.
4.) "The Miranda Rights violation" "Well Free some souls" [Sounds like, AT That Time] I gess [sic] its [sic] who you Ask[.]
Also, if you can't Tell The interrogation was a violation of Defendants [sic] Miranda Rights, you need To be seen by a Doctor before you make Rulings over people.
5.) Defendant is PRO SE, not a lawyer. I have Rights by The United States of America That Are clearly not being given here in This case.

"Conclusion"
Defendant could not get justice by The Court. Now is The Court not going To let a jury hear The case and evidence That The Court Failed To give Ruling on By what The law says now At This Time.

4

[Doc. 272 (emphasis in original)].

Again, defendant does not point to any portion of Judge Wyrick's order that was clearly erroneous or contrary to law [*See* Doc. 272]. Rather, defendant's objection here appears to contest whether the prior rulings on issues of suppression and discovery were correctly decided. But, regardless, these matters are still legal issues for the Court, rather than a jury, to decide. If defendant believes that these matters were wrongly decided, the appropriate course of action is to file an appeal to the Sixth Circuit *if* a judgment of conviction is ultimately entered against him in this case. The Court finds that Judge Wyrick's order was not clearly erroneous or contrary to law. Defendant's objection [Doc. 272] is therefore **OVERRULED**, and Judge Wyrick's well-reasoned decision [Doc. 267], which is hereby incorporated by reference, remains in effect as the ruling of this Court.

## Conclusion

For the reasons explained, defendant's objections [Doc. 271, 272] are **OVERRULED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE