UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:21-CR-58-TAV-CRW |
| COURTNEY GARVIN PARTIN, | ) |  |
| Defendant. | ) |  |

# **ORDER**

Before the Court is defendant's *pro se* Motion for Bench Trial or Judge Trial [Doc. 277]. Defendant appears to be requesting a bench trial due to his disagreement with the Court's prior rulings on suppression and discovery and because he "has been told his case facts are legal issues for the Court, rather than a jury, to decide" [*Id.* at 1–3 (citing Doc. 273)]. In addition to requesting a bench trial, defendant also again requests for experts [*Id.* at 3–4].

The Court finds a brief discussion of some of the background in this case to be helpful in contextualizing defendant's request. On April 17, 2025, defendant filed a motion in limine, requesting that he be able to address the following topics during the trial in this case: (1) his "illegal arrest"; (2) the discovery violation that occurred earlier in this case; (3) the "illegal search warrant"; (4) "the Miranda rights violation" and the "delusions or hallucinations" defendant was having at the time of his interrogation; and (5) "denial of rights of this evidence not being suppressed . . . ." [Doc. 247, p. 1]. Judge Wyrick denied defendant's motion [*id.*; *see* Doc. 267], finding that defendant's request was seeking to

relitigate issues before a jury that had already been ruled on by the Court [*See* Docs. 43, 67, 202, 203, 223, 224; *see also* Docs. 33, 60, 96, 101, 113, 187, 188]. *See also Samons v. Nat'l Mines Corp.*, 25 F.4th 455, 463 (6th Cir. 2022) (stating that the law of the case doctrine "promotes judicial efficiency by prohibiting parties from indefinitely relitigating the same issue that a court resolved in an earlier part of the case"). In her order, Judge Wyrick also noted that issues related to the suppression of evidence and the imposition of sanctions for discovery violations are to be decided by the court, not a jury, and thus, it would be improper for defendant to raise any such issues during a jury trial [Doc. 267, p. 3 (citations omitted)].

Defendant filed objection to Judge Wyrick's Order [*id.*], stating that the Court is "not going to let a jury hear the case and evidence" and reiterating that the Court failed to properly rule on defendant's prior motions alleging Fourth Amendment violations, discovery violations, and *Miranda* rights violations [Doc. 272]. The Court overruled this objection, finding that defendant did not point to any portion of Judge Wyrick's Order "that was clearly erroneous or contrary to law" [Doc. 273, p. 5]. Furthermore, the Court stated:

> [D]efendant's objection here appears to contest whether the prior rulings on issues of suppression and discovery were correctly decided. But, regardless, these matters are still legal issues for the Court, rather than a jury, to decide. If defendant believes that these matters were wrongly decided, the appropriate course of action is to file an appeal to the Sixth Circuit *if* a judgment of conviction is ultimately entered against him in this case.

[*Id.* (emphasis in original)].

Now, it appears defendant is requesting a bench trial because the Court has made clear that *legal* issues, such as the suppression of evidence, are solely for the Court to

2

decide, and defendant wants these legal issues addressed at trial. The Court would reiterate that it has already ruled [Docs. 67, 223, 224], and will rule before trial [*see* Doc. 268], on the legal issues defendant continues to present before it. And these rulings will be the law of the case for purposes of the trial, subject to appellate review as noted in the Court's Order [Doc. 273]. *See United States v. Howard*, No. 5:23-CR-63, 2024 WL 2240718, at *2 (E.D. Ky. May 17, 2024) (quoting *United States v. Muhammed*, 340 F. App'x 548, 550 (11th Cir. 2009)) ("Ordinarily, when a motion to suppress is denied before trial, the legal basis of this denial becomes the law of the case for purposes of the trial, subject to appellate review, and the defendant may not relitigate the suppression issue at trial."). Thus, revisiting issues at trial that have been, or will be, ruled upon beforehand would be inappropriate. *Id.; see also* Fed. R. Crim. P. 12(b)(3) (noting that certain defenses, objections, and requests, such as the suppression of evidence, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits"); Fed. R. Crim. P. 12(d) ("The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling.").

All of this considered, the Court finds defendant's request to be a misunderstanding of its prior rulings and statements [*See* Doc. 267, 273]. Nevertheless, the Court will consider the request on its face. "Criminal defendants may waive their right to trial by jury only if four conditions are met. First, the waiver must be in writing. Second, the government attorney must consent to the waiver. Third, the trial court must approve the waiver. Fourth, the defendant's waiver must be voluntary, knowing and intelligent."

*United States v. Martin*, 704 F.2d 267, 271 (6th Cir. 1983); *accord* Fed. R. Crim. P. 23(a). Although the government has not filed a response to defendant's request, the Court, considering its "substantial responsibility for jealously preserving jury trials" as the "constitutionally preferred method of disposing of criminal cases[,]" does not approve defendant's jury trial waiver, to the extent it can be characterized as such. *Martin*, 704 F.2d at 272. Therefore, to the extent defendant moves for a bench trial, such motion [Doc. 277] is **DENIED**. As noted previously, defendant also again requests for experts in his present motion [*Id.* at 3–4]. For the reasons stated in the Court's previous orders on such issue [Docs. 266, 270], this request [Doc. 277] is also **DENIED**.

    IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE