UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:21-CR-58-TAV-CRW |
| COURTNEY GARVIN PARTIN, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's Motion for Continuance [Doc. 279]. Defendant states that on June 4, 2025, his elbow counsel, Wesley Stone, told him "to file a continuance to give him time to file the eVoucher for expert's services[,]" and thus, defendant is asking for such time [*Id.* at 1].

The Court may extend a deadline for "good cause" upon a party's motion made "before the originally prescribed or previously extended time expires[.]" Fed. R. Crim. P. 45(b)(1)(A). Additionally, under the Speedy Trial Act, "[a]ny period of delay resulting from a continuance granted by [a] judge . . . at the request of the defendant" is excludable if the Court granted the continuance because "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court begins by noting that defendant's pursuit to retain experts in general is belated,[1] and that the experts defendant intends to obtain are for issues already ruled upon by this Court. To the former point, defendant appears to want an expert to address "document fraud" regarding narrative reports written by law enforcement officers [*See* Doc. 269, pp. 2–4; Doc. 277, p. 3] and an expert to address statements he made during his interview with law enforcement in relation to delusions and hallucinations [Doc. 263, p. 1; Doc. 277, p. 4]. Turning to defendant's desire for a "document fraud" expert first, defendant, in his previous motion, submitted that he and his prior counsel, Michael Menefee, could read law enforcement's "narratives" and "see 2 different people wrote them" [Doc. 269, p. 3]. Defendant also attached a portion of Officer Jordan Tolliver's testimony at the September 21, 2021, suppression hearing to his motion [*See id.* at 7–10]. Based on defendant's representations, he knew of the "document fraud" he alleges years ago and, at the latest, February 16, 2022, when the Court granted attorney Menefee's motion to withdraw [*See* Docs. 65, 68]. As for defendant's desire for an expert to address his interview statements, defendant filed an omnibus supplemental motion to suppress evidence on October 8, 2024, arguing in part that the statements he made during his interview with law enforcement demonstrated that his *Miranda* rights waiver was not knowing, intelligent, or voluntary [Doc. 187, pp. 14–18]. Thus, defendant's belief and

---

[1] The Court acknowledges that defendant was previously represented by counsel in this matter, but defendant has been permitted to represent himself since April 4, 2025.

contention that he was not "in a state" to waive his *Miranda* rights during his interview is not new [*Id.*].

And, to the latter point, underlying defendant's request for a "document fraud" expert is the argument that his arrest and the subsequent search of his property were "illegal" [*See* Doc. 269, pp. 2–3; Doc. 277, pp. 2–3]. The legality of defendant's arrest and the search of his property, as well as the waiver of defendant's *Miranda* rights, have been thoroughly litigated in this case and ruled upon by this Court previously [*See* Docs. 60, 96, 101, 113, 134, 143, 187, 188, 194, 195, 198, 202, 203, 223, 224].[2] *See United States v. McCreary-Redd*, 407 F. App'x 861, 870 (6th Cir. 2010) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008)) ("The law-of-the-case doctrine . . . 'bars challenges to a decision made at a previous stage of litigation which could have been challenged in a prior appeal, but were not.'"); *United States v. Howard*, No. 5:23-CR-63, 2024 WL 2240718, at *2 (E.D. Ky. May 17, 2024) (quoting *United States v. Muhammed*, 340 F. App'x 548, 550 (11th Cir. 2009)) ("Ordinarily, when a motion to suppress is denied before trial, the legal basis of this denial becomes the law of the case for purposes of the trial, subject to appellate review, and the defendant may not relitigate the suppression issue at trial."); *United States v. Martin*, No. 3:07-CR-51, 2009 WL 792316, at *3 (E.D. Tenn. Mar. 23, 2009) (noting that the development of novel strategies "for

---

[2] The Court notes that, after defendant was permitted to proceed *pro se* in this case [Doc. 239], he filed motions to suppress and dismiss [Docs. 248, 249] on grounds previously litigated. These motions are currently before the Court on a report and recommendation, and the Court notes it has yet to rule on these motions.

attacking [a] search warrant" by new counsel is not a sufficient reason to allow a "second bite at the apple" regarding a motion to suppress, particularly when a similar, previous motion has been filed, an evidentiary hearing has already taken place, and the filing of a sequential motion "as to the same search or search warrant[] would . . . be prejudicial to the government"). The Court also notes that reconsideration of such issues that have already been litigated and decided is "'extraordinary relief' and that such motions are 'seldom granted'" as they "contradict[] notions of finality and repose." *United States v. Thompson*, 580 F. Supp. 3d 503, 505–06 (N.D. Ohio 2022) (quoting *Amin v. Konteh*, No. 3:05-CV-2303, 2008 WL 5111091, at *2 (N.D. Dec. 1, 2008)).

Lastly, the Court would emphasize that this case has been ongoing for four years now, and defendant has, on numerous occasions, expressed a desire to proceed to trial expeditiously [*See* Doc. 48, p. 1; Doc. 51, p. 3; Doc. 96, p. 1; Doc. 108; Doc. 113, p. 2].

After considering defendant's motion, the Court finds that defendant has failed to demonstrate good cause for a continuance of the trial in this case and further finds the ends of justice served by granting a continuance do not outweigh the best interests of the public and defendant in a speedy trial. *See* Fed. R. Crim. P. 45(b)(1)(A); 18 U.S.C. § 3161(h)(7)(A). Additionally, the Court finds that a failure to continue this case under these circumstances would not likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Defendant's motion [Doc. 279] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4