UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:21-CR-58-TAV-CRW |
| COURTNEY GARVIN PARTIN, | ) |  |
| Defendant. | ) |  |

# MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Cynthia R. Wyrick on May 19, 2025 [Doc. 268]. The R&R addresses defendant's Motion to Suppress [Doc. 248] and Motion to Dismiss [Doc. 249], which defendant supplemented [Doc. 256]. In the R&R, Judge Wyrick recommends that the Court deny defendant's motions [Docs. 248, 249]. Defendant has filed objections to the R&R [Doc. 278; *see* Docs. 274, 275], and the Court does not find it necessary for the government to respond to such objections before ruling. Thus, the matter is now ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons below, the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 268] and **DENIES** defendant's Motion to Suppress [Doc. 248] and Motion to Dismiss [Doc. 249].

I.     Background

Though not included in the R&R [Doc. 268], the Court will provide a shortened background of this case, as relevant to defendant's present motions [Docs. 248, 249] here.[1] Defendant was initially arrested on November 10, 2020, by the Campbell County Sheriff's Department, and he was subsequently indicted in federal court on May 11, 2021, and charged with being a felon in possession of a firearm and ammunition [Doc. 3; *see* Doc. 223, p. 2 (citing Doc. 202)]. At his initial appearance on May 17, 2021, the Court appointed attorney Stephen Ferrell to represent defendant, and his trial was set for July 20, 2021 [Docs. 5, 9, 12]. On June 11, 2021, attorney Ferrell filed a motion for psychiatric or psychological evaluation of defendant [Doc. 15], and a few days later, defendant filed a *pro se* motion for new counsel [Doc. 16], asserting that he was provided with the wrong discovery and that his current counsel was ineffective. The Court granted defendant's motion and appointed attorney Michael Menefee to represent defendant [Doc. 20].

A week later, on July 14, 2021, attorney Menefee filed a motion to continue, requesting a continuance to allow additional time to review discovery, conduct research, and investigate the case. [Doc. 21]. The motion further stated that counsel had explained the right to a speedy trial to defendant, and defendant understood that the time between the filing of the motion and a rescheduled trial date would be excludable under the Speedy Trial Act [*Id.*]. A day after these motions were filed, attorney Menefee contacted Assistant

---

[1] For brevity and conciseness, this background does not include all of the events and filings that have occurred in this case. However, the absence of any such event or filing from this background section does not mean that the Court did not consider it in addressing the present R&R [Doc. 268].

United States Attorney LaToyia Carpenter via email, advising that some of the discovery provided appeared unrelated to defendant's case [Doc. 223, p. 3 (citing Doc. 202)]. Attorney Menefee also requested some specific items of discovery from the government [*Id.* (citing Doc. 202)].

On July 21, 2021, the Court granted defendant's motion to continue [Doc. 21], cancelling the trial date and noting it would be rescheduled at or before a hearing on all pending pretrial motions [Doc. 24]. Attorney Menefee subsequently filed a Motion to Suppress Evidence [Doc. 33] and a Motion to Withdraw Motion to Conduct Psychiatric Evaluation [Doc. 38]. A motion and suppression hearing was held on September 21, 2021 [Doc. 39]. Two days later, the Court granted defendant's Motion to Withdraw [Doc. 38] and reset the trial for February 8, 2022, citing the need for time to fully address defendant's motion to suppress and allow the parties sufficient time to prepare for trial [Doc. 42].

On October 22, 2021, the Magistrate Judge issued an R&R, recommending the denial of defendant's Motion to Suppress [Doc. 43]. Defendant objected [Doc. 44], but the Court overruled this objection, accepted the R&R, and denied defendant's motion to suppress [Doc. 67]. On January 25, 2022, the government provided notice to defense counsel that supplemental discovery was available in defendant's case and produced photographs taken during the search of defendant's home and an audio recording of defendant's November 11, 2020, statements to law enforcement officers [Doc. 223, p. 4 (citing Doc. 202)]. A few days later, on February 2, 2022, the government produced records from the Campbell County Sheriff's Office medical department [*Id.* (citing Doc. 202)]. Following these late disclosures, defense counsel filed a Motion to Dismiss or

3

Case 3:21-cr-00058-TAV-CRW   Document 285   Filed 06/25/25   Page 3 of 12
PageID #: 1874

Exclude Evidence, arguing that the government withheld material evidence that was favorable to defendant and requesting that the case be dismissed with prejudice [Doc. 60]. The government opposed the motion but represented that if the case proceeded to trial as scheduled on February 8, 2022, it would not seek to offer the late-disclosed evidence during its case-in-chief [Doc. 61].

A status conference was held on February 4, 2022, and following such conference, the Court issued an order resetting defendant's trial for February 22, 2022, and setting deadlines for the parties to file supplemental material related to the motion to suppress and to respond to other recently filed motions [Doc. 63]. Shortly thereafter, attorney Menefee filed a motion to withdraw [Doc. 65], which was granted [Doc. 68], and the Court appointed attorney Randall Reagan in his place [*Id.*; Doc. 69]. Attorney Reagan filed a motion to continue [Doc. 71], and the Court granted such motion, resetting the trial for June 1, 2022 [Doc. 72]. On March 3, 2022, defense counsel filed a motion to withdraw [Doc. 73]. The Court held a videoconference on the matter and conducted a sealed, *ex parte* session with defendant and his attorney [Doc. 78]. The Court ultimately determined that additional communication might improve the attorney-client relationship, and the hearing was continued for one week to allow this to happen [*Id.*]. At the subsequent hearing, and after conducting another sealed, *ex parte* hearing with defendant and his counsel, the Court "reluctantly" found good cause to substitute counsel, appointing attorney Mike Whalen [Docs. 80, 81, 83].

On May 4, 2022, during what was scheduled to be an evidentiary hearing on defendant's Motion to Dismiss [Doc. 60], defense counsel advised the Court that defendant

4

did not wish to proceed with him as counsel [Doc. 89]. After subsequent filings [Docs. 90, 93, 94], the Court held a hearing to address the issue of defendant's representation on May 17, 2022 [Doc. 98]. During a sealed portion of that hearing, defendant made statements that gave the Court reason to question his competency to stand trial, and thus, the Court ordered *sua sponte* that the defendant undergo a mental examination and evaluation to determine his competency to stand trial pursuant to 18 U.S.C. § 4241(b) [*Id.*; Doc. 99]. Accordingly, the Court stated it would not make any ruling on any pending motion and instead would revisit those after the evaluation was complete [Doc. 98].

On August 11, 2023, defendant's counsel at the time, attorney Gregory Isaacs, filed a Motion to Dismiss for Unconstitutional Delay or in the Alternative Reopen the Detention Hearing [Doc. 134]. On March 18, 2024, the Court concluded, based on the evidence before it, that defendant was competent to stand trial, and an October 22, 2024, trial date was set [Docs. 160, 162]. Additionally, because of the unique circumstances of this case, the Court reopened pretrial motions, setting a deadline of May 20, 2024, and a hearing date of June 18, 2024 [Doc. 161]. Defendant subsequently requested a continuance of the deadline and hearing date [Doc. 164], and after a hearing, the Court granted defendant's motion and rescheduled the deadlines [Doc. 168].

After additional competency matters were raised and resolved, the Court held a scheduling conference on September 24, 2024, to reset the trial date and deadlines in this matter [Docs. 184, 185]. Because motions previously filed by defendant were still pending, and because defendant requested additional time to file further motions, the trial was scheduled outside the confines of the Speedy Trial Act to commence on February 4, 2025

5

[Doc. 186; *see* Doc. 223, p. 8 (citing Doc. 202)]. Defendant subsequently filed supplemental motions to dismiss and suppress evidence [Docs. 187, 188]. A hearing to address all pending motions was held on November 4, 2024 [Doc. 198]. On December 31, 2024, the Magistrate Judge issued her R&R on defendant's motions to dismiss [Docs. 134, 188], recommending the motions be denied [Doc. 202]. A few days later, the Magistrate Judge issued another R&R, recommending that defendant's motions to suppress [Docs. 101, 187] be denied [Doc. 202]. Defendant objected to both of these R&Rs [Docs. 205, 206].[2] After careful consideration, the Court adopted in full the first R&R [Doc. 202] and denied defendant's motions to dismiss [Doc. 223]. As to the second R&R [Doc. 203], the Court adopted it in part and modified it in part, still ultimately denying defendant's motions to suppress [Doc. 224].

On March 28, 2025, defense counsel filed a motion to withdraw [Doc. 233]. A few days later, the government filed an expedited motion to continue the trial date [Doc. 236]. The Court held a hearing on April 4, 2025, to address these motions [Doc. 235, 238]. Ultimately, the Court granted defense counsel's motion to withdraw, permitted defendant to proceed *pro se*, appointed attorney Wesley Stone as elbow counsel, and granted the government's motion to continue, resetting the trial for July 8, 2025 [*See* Docs. 239, 240, 241, 242]. On April 17, 2025, defendant filed a motion to suppress [Doc. 248] for Fourth Amendment violations related to his arrest and a motion to dismiss [Doc. 249] for Speedy

---

[2] Before the Court ruled on the R&Rs, the Court entered its pretrial order [Doc. 213] on January 17, 2025, and subsequently granted an oral motion to continue, resetting the trial for April 8, 2025 [Docs. 220, 221].

Trial Act and discovery violations.[3] Defendant also, in his motion to dismiss, appeared to assert that the Court previously decided his earlier motions to dismiss [Docs. 60, 96 (as amended by Doc. 113), 134, 188] without the benefit of the full record [Doc. 249, p. 1; *see* Doc. 256, p. 4].

Upon consideration of the record and defendant's arguments,[4] Judge Wyrick has recommended that the Court deny both of defendant's motions [Docs. 248, 249]. Judge Wyrick first noted that both motions were untimely filed [Doc. 268, pp. 2–3]. However, even assessing the motions' merits, Judge Wyrick concluded that each motion was merely an attempt to relitigate issues already decided by the Court, and that defendant provided no new grounds under which he should be allowed to relitigate such issues [*Id.* at 1–4, 7]. Specifically, defendant offered no new applicable law nor any obvious error in the Court's prior rulings [*Id.* at 2–4, 7]. As for defendant's assertion regarding the full record, Judge Wyrick affirmed that the Court had before it and reviewed the entirety of the record in this case when deciding defendant's earlier motions to dismiss, including sealed entries [*Id.* at 4–7].

## II. Standard of Review

The Court reviews *de novo* those portions of the R&R to which a defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court considers

---

[3] Defendant also supplemented his motion to dismiss [Doc. 256].

[4] As noted in the R&R [Doc. 268, p. 1 n.1], the Court did not find it necessary to require the government to respond to defendant's motions.

7

Case 3:21-cr-00058-TAV-CRW    Document 285    Filed 06/25/25    Page 7 of 12
PageID #: 1878

defendant's motion to suppress, defendant's motion to dismiss and supplement, the R&R, and defendant's objections, all in light of the applicable law.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute"). Each objection to a magistrate judge's recommendation should describe how the analysis is wrong, why it was wrong, and how *de novo* review warrants a different result on a particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effect[] as would a failure to object." *Austin v. Comm'r of Soc. Sec.*, No. 1:19-cv-2380, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (citation omitted); *see also United States v. Dawson*, No. 4:19-cr-206, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) (citations omitted) ("[T]he Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.").

The Court is mindful of its duty to "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se*." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001); *accord United States v. Cook*, No. 3:18-CR-19, 2019 WL 2721305, at *5 (E.D. Tenn. June 28, 2019).

8

Case 3:21-cr-00058-TAV-CRW   Document 285   Filed 06/25/25   Page 8 of 12
PageID #: 1879

### III. Analysis

Defendant begins his objection by stating that he is incorporating by reference his supplement to his motion to dismiss [Doc. 256] where he "la[id] out his sealed hearings, w[h]ere the first lawyer got the wrong discovery [and] he passed it to the next lawyer, and so on" [Doc. 278, p. 1]. Additionally, defendant states that he was committed by Judge Poplin, and "in [that] same hearing, [his] lawyer Mike Whalen, the 4th lawyer[,] report[ed] he was given wrong discovery" [*Id.*]. Defendant then incorporates and quotes portions of two other documents [*id.* at 1–2], specifically the November 4, 2024, hearing transcript [Doc. 214, pp. 160–63] and the R&R before the Court presently [Doc. 268, p. 4]. In his conclusion, defendant states:

> Defendant was given the wrong person[']s discovery[.] Defendant filed motions asking for his discovery[.] Defendant was denied by Rule 83.4 to be he[a]rd[.] The government denied and would not check on the error after request after request[.] Then Judge Poplin committed defendant and [Assistant United States Attorney] [L]atoyia Carpenter continued to lie to doctors, (I give everyone the[ir] discovery)[.] Now November 4th[,] 2024[,] after the forced medication the[re] was a hearing . . . and [defense counsel] Greg Isaacs failed to submit the evidence that shows at least the Speedy Trial Act violation.

[Doc. 278, pp. 2–3].[5]

---

[5] As noted in the R&R [Doc. 268, p. 4 n.3], defendant's motion [Doc. 249]:

> indicates that he believes the discovery errors made earlier in this case are a violation of the Speedy Trial Act. However, the Speedy Trial Act does not address matters of discovery. . . . Instead, discovery, including remedies for discovery errors and violations, is governed by Federal Rule of [Criminal] Procedure 16.

In his objection here [Doc. 278, p. 3], it appears defendant is again asserting that discovery errors, or more specifically evidence of such errors, would demonstrate a violation of the Speedy Trial Act.

9

Case 3:21-cr-00058-TAV-CRW   Document 285   Filed 06/25/25   Page 9 of 12
PageID #: 1880

It is difficult to discern, given defendant's filing [Doc. 278], what, if any, objections he has to the R&R [Doc. 268].  First, it appears defendant is reasserting his earlier argument that the Court "did not have the sealed record to review because prior couns[el] [G]reg Isaacs did not submit the notice of waiver like Judge Wyrick said in the Nov[ember] 4th[,] 2024[,] hearing" [Doc. 249, p. 1].  The R&R fully addressed such argument, clarifying to defendant that a notice of waiver from defense counsel was not needed "for the [C]ourt to fully consider the entirety of the record related to the discovery issues in this case, both sealed and unsealed, and the [C]ourt did so before issuing its prior Report and Recommendation" [Doc. 268, pp. 4–7 (citing Doc. 202)].  Given the Court is under no obligation to review objections that are merely reiterations of arguments already presented to and reviewed by the Magistrate Judge, defendant's objection here is **OVERRULED**.  *See Dawson*, 2020 WL 109137, at *1.[6]

Next, construing defendant's objection liberally, it appears defendant is again contending that he was denied the opportunity to testify at the November 4, 2024, hearing [*See* Doc. 278, p. 2].  Defendant cites to Rule 83.4 in support of his contention [*Id.*].  While not entirely apparent, it appears that defendant is citing to Local Rule 83.4(c), concerning representation *pro se* after appearance by counsel.  *See* E.D. Tenn. L.R. 83.4(c).  Local Rule 83.4 states in part that, "the Court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney." *Id.*  The R&R already

---

[6] The Court also notes that defendant did not describe how or why the R&R's findings regarding this issue were wrong.  *See Howard*, 932 F.2d at 509.  Instead, defendant merely cites to and/or quotes his supplement [Doc. 256], the November 4, 2024, hearing transcript [Doc. 214, pp. 160–163], and the present R&R [Doc. 268, p. 4; *see* Doc. 278, pp. 1–2].

10

addressed defendant's argument that he was not "allowed to testify to his discovery violation . . . on Nov[ember] 4th[,] 2024" [Doc. 256, p. 1], stating that the Court was never notified of defendant's desire to testify at the hearing [Doc. 268, p. 4 n.4]. Furthermore, the R&R stated that the Court "cannot imagine any testimony that [d]efendant could have provided regarding the discovery issues in his case which would have provided a basis for the [C]ourt to modify its ruling on the discovery violations" [*Id.*]. Again, being a reiteration of an argument already presented, defendant's objection here is improper. *See Dawson*, 2020 WL 109137, at *1. Therefore, defendant's objection here is **OVERRULED**.

Lastly, though not appearing to be an objection, the Court will address defendant's allegation that Assistant United States Attorney ("AUSA") Latoyia Carpenter, who was originally assigned to this case, "lie[d] to doctors" [Doc. 278, p. 2]. While it is not entirely clear, it appears defendant may be referring to his contention that the "misleading discovery" he was given by the government led to his "couns[el] questioning his mental state of mind" and his later commitment for a mental evaluation [Doc. 256, p. 5; *see* Docs. 98, 99]. Regardless of what defendant means by his statement regarding AUSA Carpenter, defendant did not present this claim previously in his motion to dismiss or supplement [*see* Docs. 249, 256], and thus, it is improper.[7] *See United States v. Barker*, 652 F. Supp. 3d 865, 871 (E.D. Mich. 2023) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)) (emphasis in original) ("Parties may not 'raise at the district court stage new

---

[7] In his motion and supplement, defendant does reference "prosecutor[i]al misconduct" and "bad faith" in relation to discovery violations [*see* Doc. 249, p. 1; Doc. 256, pp. 2–3], but he does not assert that AUSA Carpenter, or anyone representing the government, lied to doctors.

11

arguments or issues that were not presented' *before* the magistrate judge's final R&R."). And, if defendant is referring generally to his contentions surrounding "misleading discovery," such contentions were found by the present R&R to be attempts to relitigate the issue of dismissal on the same grounds previously asserted [*See* Doc. 268, p. 7]. Therefore, in consideration of the above, defendant's objection here, to the extent it can be categorized as one, is **OVERRULED**.

IV. Conclusion

For the reasons above, defendant's objections [Doc. 278] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 268] in whole and **DENIES** defendant's motion to suppress [Doc. 248] and motion to dismiss [Doc. 249].

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE